## KARNA JOHNSON v. CARL CARLIN.[1]

November 21, 1913.

Nos. 18,369—(90).

**Bill of sale — garnishment of proceeds of sale.**

    A bill of sale of personal property executed by defendant to claimant, construed in connection with an agreement entered into at the time and as a part of the transaction, which agreement provided for a sale of the property at auction and the application of the proceeds to the payment of an indebtedness due from defendant to claimant upon an executory contract for the sale of land, also a part of the same transaction, and *held*, that the findings of the trial court to the effect that the parties did not intend to vest in claimant title to the property, and that the proceeds from the sale thereof in the hands of the garnishee were subject to garnishment as defendant's property, are sustained by the evidence.

    Action in the district court for Sibley county. From the disclosure of the garnishee in the action, it appeared that C. J. Swanson claimed certain property in the hands of the garnishee and he was ordered to appear and maintain his right, or be barred of his claim. The claimant filed his complaint and the plaintiff his answer thereto. The action was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiff and against the defendant, claimant and garnishee for the sum of $420.80. From an order denying claimant's motion for a new trial, he appealed. Affirmed.

    *Henry Ebert, H. N. Benson* and *A. S. Keyes,* for appellant.

    *Young & Quandt,* for respondent.

BROWN, C. J.

    Plaintiff brought this action to recover an indebtedness due her from defendant, and caused garnishment process to be issued and served upon Henry Johnson, garnishee, alleging that he had money and property in his possession belonging to defendant. The garnishee

[1] Reported in 143 N. W. 1130.

disclosed that he had certain money and negotiable promissory notes in his possession which . belonged either to defendant or to C. J. Swanson; that the money and notes were the proceeds derived from an auction sale of property belonging to defendant; and that Swanson claimed that the property had been sold and transferred to him prior to the sale, and that the proceeds thereof belonged to him. Swanson was then made a party to the action as claimant, and the issue litigated below was whether defendant owned the proceeds of the sale or whether Swanson was the owner thereof. The trial court found that defendant was such owner, and judgment was ordered against the garnishee for an amount equal to plaintiff's judgment against the defendant. Claimant appealed from an order denying a new trial.

The facts are substantially as follows: Claimant entered into an executory contract for the sale of certain land owned by him to Carlin, defendant, for the consideration of $2,600. Defendant was without funds, and theretofore occupied as a tenant a farm owned by plaintiff in Nicollet county, and owned a considerable amount of personal property then upon that farm. It was agreed between claimant and defendant that the deeds conveying the land to defendant should be executed by claimant and deposited with a third person to be by him delivered when the purchase price of the land was paid in full. In addition to conveying the land for the consideration stated, claimant also agreed to furnish to defendant building material of the value of $600, to enable defendant to erect and construct farm buildings upon the land. To meet the payment of the purchase price of the land and the advances to be made for building material, the parties entered into the following arrangement: Defendant, by bill of sale in due form, sold and transferred to claimant all the personal property owned by him and situated on the rented farm in Nicollet county, under the agreement that it should all be sold at auction and the proceeds paid over to claimant to apply upon the purchase price of the land. It was further agreed that, if the proceeds exceeded the amount due claimant, the excess should be paid over to defendant; if the proceeds were less than enough to fully pay claimant, defendant should pay such deficiency before the de-

livery of the deeds conveying the land. And it was agreed that the deeds should remain with the custodian until payment was made in full. Thereafter an auctioneer was engaged to conduct the sale, and the garnishee herein, the cashier of a local bank, was employed as clerk and received the proceeds of the property as sold, either in cash or in the promissory notes of the purchasers. The sale was advertised in the name of defendant as owner of the property, though the bill of sale had previously been executed and filed in the office of the town clerk, and he took general charge of matters at the sale. Under directions from him the clerk made all promissory notes payable to claimant. At about the time of the completion of the sale plaintiff brought this action to recover for rent due from defendant, and the funds and notes in the hands of the garnishee were attached by the garnishment process.

The only question presented is whether, notwithstanding the apparent sale of the property by defendant to claimant, evidenced by the bill of sale, the title to the property in fact remained in defendant, vesting in him also ownership of the sale proceeds. The trial court found the facts as heretofore stated, and further, and correctly so, that claimant paid no consideration for the property, it was never delivered to him, and that it remained the property of defendant and was such at the time the garnishee summons was served. The court also found that the plan adopted for disposing of the property was, so far as concerned the defendant, entered into for the purpose of hindering and delaying his creditors, though claimant did not participate therein, on the contrary acted in good faith in entering into the transaction. But the findings of the court to the effect that claimant paid no consideration for the property, that the parties did not intend by the transaction to vest in claimant the present title to the property, and that the ownership thereof remained in defendant are fully sustained by the evidence. Claimant's contract to convey the land to defendant was executory, and it was expressly agreed that the deeds therefor should not be delivered until the purchase price was fully paid. Claimant had not prior to the garnishment delivered to defendant any part of the building material, nor had he parted with either money or property as a result of the

transaction. The bill of sale was accompanied by the agreement for the sale and an application of the proceeds to the payment for the land agreed to be sold. Claimant was to have no part of the property, but the proceeds only. Had it been destroyed before the sale the loss would have fallen upon defendant and not upon claimant. The two documents must be construed together and in connection with the executory contract for the sale of the land to defendant. So construing them it seems clear that the transaction was in substance and legal effect a plan for raising the necessary funds with which to pay for the land, with no actual purpose to vest in claimant unconditional title to the property. Claimant could not have been compelled to take the property and apply the value thereof in discharge of the purchase price of the land. The property was not valued by the parties and, until it was sold as provided by the contract, claimant was under no obligation to defendant to take it and apply the value upon the land debt. The whole transaction was executory and depended for its completion upon the sale of the property before claimant was placed under any obligation to defendant.

Order affirmed.